To this record the following causes of error were assigned:

1st. That it does not appear that the referees were sworn or affirmed according to law.

2d. Nor that they heard the proofs and allegations of the parties.

3d. Because the referees did not make a report and return the same to the justice as required by law.

*Per Curiam.*—The law positively requires that the report of the referees shall be in writing, (*Digest*, 335.) We allowed diminution to be alledged last term, because the record seemed from the certificate not to be fully returned, and we thought it probable that a further return would show that such report had been made; but the last return, which is certified to be a full copy of all the record, does not cure this defect. We reverse the judgment, therefore, on the ground that it does not appear by the record that the referees made any report under their hands.

Judgment reversed.

*Bates*, for plaintiff in error.
*Frame*, for defendant in error.

—➤➤➤❀◉◈《《≪◉◈—

In the matter of Negro HANNAH a slave of RICHARD COOPER.

The liability of the owner of a slave discharged after thirty-five years of age, to repay the trustees of the poor the expense of maintaining such slave; extends to the children and legatees of such owner.

In the Court of General Sessions for Kent county, *Comegys*, for the trustees of the poor, obtained a rule on Clarissa Cooper, administratrix d. b. n. c. t. a. of Richard Cooper, deceased, William H. Cooper, Ignatius T. Cooper, and Henry Pratt, administrator of Richard J. Cooper, deceased, children and heirs at law of said Richard Cooper, to show cause why an order should not be made on them, as the heirs and legal representatives of said Richard Cooper, to reimburse the said trustees of the poor the expenses incurrred by them in support of negro Hannah, a slave of said Richard Cooper, discharged from his service after she was *thirty-five* years of age; and for funeral expenses of the said slave. At the hearing, the order was resisted, on the ground that no one but the master or mistress was liable under the statute, (*Digest*, 415, *sec.* 3;) but the court, on the equity of that act, made the rule absolute, and ordered that the said widow and administratrix, and the said children of Richard

Cooper, who were also his devisees and legatees, should pay to the trustees of the poor of Kent county, the sum of $168, to reimburse them their expenses in the premises.

Rule absolute.

*Comegys,* for the rule.
*Frame,* contra.

⟶»»●❀●«««⟵

JOHN R. LATIMER Adm'r. d. b. n. of MARY RICHARDSON, dec'd.
*vs.* THOMAS PETERSON, terre tenant.

Payments by an executor or administrator towards a judgment recovered against the *decedent,* and existing as a lien at the time of his death, will prevent the presumption of payment arising from lapse of time.

Lands bound by judgment against the decedent, are bound in the hands of the heir or devisee by a judgment on a *sci. fa.* against the executor or administrator.

And there is no necessity of making the heir, devisee or terre tenant, a party in such *sci. fa.*

SCIRE facias to November term, 1835, on judgment No. 107, to May term, 1806.

Case stated.

"On the 10th of March, A. D. 1795, John Vandever gave his bond of that date to Mary Richardson for £134 currency, with interest from the date with warrant of attorney to confess judgment. Judgment was confessed May term, 1806, in favor of Henry Latimer, surviving administrator of Mary Richardson. A scire facias was issued upon this judgment to December term, 1807, and judgment rendered upon the scire facias at May term, 1809, upon which a fieri facias (vice comes) issued to December term, 1809. The interest had been paid from time to time, and on the 27th September, 1809, John Vandever, the defendant, paid the sum of $42 88 in full for two years interest, to the 10th day of March, 1809. John Vandever made his will on the 6th February, 1810, and died a few days afterwards, having devised his real estate to his two sons, Thomas Vandever and Peter Vandever; and made his son Thomas his sole executor. After the death of John Vandever, Thomas Vandever, his sole executor and one of his devisees, continued to pay the interest on the debt, and on the 14th July, 1827, paid $152 48 in full for interest to the 10th March, 1827. No subsequent payment has been made, but Thomas Vandever, the executor and one of the devisees, has repeatedly promised to pay the debt. Peter Vandever, the other